**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF UTAH**

| | |
|---|---|
| JOSE ALBERTO ORELLANA ARRIAZA; YISETH YUSBEL GUEVARA MORALES; and OSCAR ALAN MARTINEZ RAMOS,<br><br>Plaintiffs,<br><br>v.<br><br>TODD BLANCHE, *et al.*,<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER DENYING REQUEST FOR TEMPORARY RESTRAINING ORDER**<br><br>Case No. 2:26-cv-1100-HCN-DAO<br><br>Howard C. Nielson, Jr.<br>United States District Judge |

Plaintiffs Jose Alberto Orellana Arriaza, Yiseth Yusbel Guevara Morales, and Oscar Alan Martinez Ramos bring this putative class action against United States Attorney General Todd Blanche and various other federal defendants, asserting claims under the Due Process Clause of the Fifth Amendment and the Administrative Procedure Act. Plaintiffs have filed various motions seeking preliminary injunctive relief, expedited discovery, and class certification. The court denies the Plaintiffs' request for a temporary restraining order.

The Plaintiffs are aliens currently or recently detained by the Department of Homeland Security. *See* Dkt. No. 1 at ¶¶49–56. The Plaintiffs contend that the Department is violating 8 C.F.R. §1003.19(b) by submitting requests for custody redeterminations to the Immigration Court on behalf of detained individuals rather than allowing the individuals or their attorneys to submit the requests themselves. *See* Dkt. No. 2 at 1–2. The Plaintiffs maintain that this practice can result in custody redeterminations without the detained person's understanding "when a hearing will occur, what the hearing will address, what evidence may be submitted, or whether the person will have a meaningful opportunity to obtain counsel and prepare." *Id.* at 3. The Plaintiffs represent that Mr. Orellana Arriaza and Ms. Guevara Morales have already "received

adverse custody determinations" under this practice. *Id.* at 3. As for Mr. Martinez Ramos, they represent that the request for a custody redetermination hearing was withdrawn after he requested more time to prepare for the hearing. *See id.*

The Plaintiffs bring this action on their own behalf, as well as on behalf of a putative class of aliens in civil detention. *See id.* at 2. As relevant here, they seek "an order temporarily prohibiting the Department of Homeland Security and its officers from submitting custody redetermination requests to the Salt Lake City Immigration Court on behalf of detained individuals." *Id.* at 2.

"Preliminary injunctive relief—whether a temporary restraining order or a preliminary injunction—'is an extraordinary remedy never awarded as of right.'" *Schiermeyer ex rel. Blockchain Game Partners, Inc. v. Thurston*, 697 F. Supp. 3d 1265, 1269 (D. Utah 2023) (quoting *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008)). Such relief is "the exception rather than the rule" and will be granted only if "the movant's right to relief [is] clear and unequivocal." *Aposhian v. Barr*, 958 F.3d 969, 978 (10th Cir. 2020) (cleaned up). A party seeking such relief "must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of the equities tips in his favor, and that an injunction is in the public interest." *Winter*, 555 U.S. at 20; *see also Stuber v. Lucky's Auto Credit, LLC*, 478 F. Supp. 3d 1205, 1208 (D. Utah 2020).

"[E]ach of these elements is a prerequisite for obtaining" preliminary injunctive relief. *Diné Citizens Against Ruining Our Env't v. Jewell*, 839 F.3d 1276, 1281 (10th Cir. 2016). It follows that a "failure to prove any one" of these four prerequisites "renders [a] request for injunctive relief unwarranted." *Village of Logan v. United States Dept't of Interior*, 577 F. App'x 760, 766 (10th Cir. 2014) (unpublished).

Of these four elements, "a showing of probable irreparable harm is the single most important prerequisite." *Dominion Video Sat., Inc. v. Echostar Sat. Corp.*, 356 F.3d 1256, 1260 (10th Cir. 2004). "[A] party seeking preliminary relief must show more than the mere 'possibility' of such harm—rather, he must 'demonstrate that irreparable injury is *likely* in the absence of an injunction.'" *Schiermeyer*, 697 F.Supp.3d at 1270 (quoting *Winter,* 555 U.S. at 22). Further, "[t]he party seeking injunctive relief must show that the injury complained of is of such *imminence* that there is a clear and present need for equitable relief to prevent irreparable harm." *Heideman v. South Salt Lake City*, 348 F.3d 1182, 1189 (10th Cir. 2003) (cleaned up). Meeting these stringent requirements is not "an easy burden to fulfill." *Dominion Video Satellite, Inc. v. EchoStar Satellite Corp.*, 356 F.3d 1256, 1262 (10th Cir. 2004) (cleaned up).

Before the court will even consider the merits of the Plaintiffs' claims, the balance of equities, or the public interest, the Plaintiffs thus "must first demonstrate" that, absent preliminary relief, they will "likely" suffer irreparable injury. *First W. Cap. Mgmt. Co. v. Malamed*, 874 F.3d 1136, 1141 (10th Cir. 2017); *accord Schiermeyer*, 697 F. Supp. 3d at 1270. The court concludes that they have failed to do.

Mr. Orellana Arriaza and Ms. Guevara Morales represent that they have already had custody redetermination hearings with results adverse to them. It follows that, for them, "the alleged injury has already materialized." Dkt. No. 2 at 8. But any injury these two Plaintiffs have already suffered cannot justify a temporary restraining order, for the "purpose of preliminary relief is not to remedy past harm but to protect plaintiffs from irreparable injury that will surely result without its issuance." *Schiermeyer*, 697 F.Supp.3d 1265, 1271 (D. Utah 2023) (quoting *Schrier v. Univ. Of Co.*, 427 F.3d 1253, 1267 (10th Cir. 2005) (cleaned up)).

Mr. Martinez Ramos, by contrast, represents that he "remains detained and seeks another opportunity for custody review. His initial request was withdrawn when he asked for more time." Dkt. No. 2 at 8. As he acknowledges, any "risk" he now faces "turns on how and when a new request [for a custody redetermination hearing] is made and scheduled." *Id*. But given that Mr. Martinez Ramos successfully withdrew the initial request for custody review and is now represented by counsel, the court perceives little danger that he will face a custody redetermination hearing without understanding "when a hearing will occur, what the hearing will address, what evidence may be submitted, or whether the person will have a meaningful opportunity to obtain counsel and prepare." Certainly, he has not "demonstrate[d] that irreparable injury is *likely* in the absence of an injunction." *Schiermeyer*, 697 F.Supp.3d at 1270 (quoting *Winter,* 555 U.S. at 22).

Nor will the court consider at this time any risk of irreparable injury faced by unnamed potential members of the class that the Plaintiffs seek to certify. *See Barker v. International Union of Operating Engineers, Local 150, AFL-CIO*, 641 F. Supp. 2d 698, 704 (N.D. Ill. 2009). The court concludes that declining to consider such injury is consistent with the Tenth Circuit's instruction that, "[a]bsent a class certification, [a] district court should not [treat a] suit as a class action by granting [class-wide] injunctive relief." *Everhart v. Bowen*, 853 F.2d 1532, 1539 (10th Cir. 1988) (rev'd on other grounds). It is also consistent with the well-settled principle that, to have standing to maintain a class action, would-be class representatives "must allege and show that they personally have been injured, not that injury has been suffered by other, unidentified

members of the class to which they belong and which they purport to represent." *Warth v. Seldin*, 422 U.S. 490, 502 (1975).[1]

* * *

For the foregoing reasons, the Plaintiffs' request for a temporary restraining order is **DENIED**. The Plaintiffs' request for expedited discovery remains pending.

**IT IS SO ORDERED.**

Dated this 13th day of November, 2026.

BY THE COURT:

Howard C. Nielson, Jr.
United States District Judge

---

[1] The court's conclusion is not contrary to the Supreme Court's decision in *A.A.R.P. v. Trump*, 605 U.S. 91, 97 (2025). There, the Court issued temporary injunctive relief to the putative class "in order to preserve [its] jurisdiction pending appeal"—a consideration not present here. *Id*. at 97. Further, as the Court recognized, the "named applicants" in that case represented that they themselves were "at imminent risk." *Id*.